## S94A0146. REDD v. THE STATE.
### (444 SE2d 776)

THOMPSON, Justice.

The case is before the court from the grant of William S. Redd's application for interlocutory appeal from an order of the trial court granting the state's motion to disqualify his attorney, Michael Garrett.

Redd was indicted in 1988 along with co-defendant, John Calvin Jones, for murder, kidnapping with bodily injury, armed robbery, and aggravated assault. The state notified defendants of its intent to seek the death penalty. Both defendants are indigent and were appointed separate counsel. Jones is represented by attorney Peter Johnson. Attorney Daniel Craig was initially appointed to represent Redd. In September 1989, Jones entered a negotiated plea of guilty to consecutive life sentences and agreed to testify truthfully at Redd's trial in consideration for the state's waiver of the death penalty. In January 1993, Redd's appointed counsel assumed the office of District Attorney of the Augusta Judicial Circuit and withdrew as counsel in this matter. The District Attorney of an adjoining circuit was brought in to prosecute Redd, and attorney Michael Garrett was appointed as his defense counsel.

Ten days after Garrett's appointment, the state moved to disqualify him on the ground that he and Johnson (Jones' counsel) had been associated together in the practice of law at the time of Johnson's appointment. Their professional association continued for approximately a year thereafter, but was terminated prior to the entry of Jones' guilty plea. It was established that Garrett and Johnson had not discussed the case together nor had Garrett met with defendant Jones.

During a hearing on the disqualification motion, the trial court questioned Redd concerning his desire to waive any potential conflict

of interest and proceed with Garrett as his counsel. Although Redd answered affirmatively when asked if he understood the concept of conflict of interest, he stated that he had discussed the conflict question only "a little bit" with his counsel. When the court inquired whether he wished to waive any objection he may have to Garrett's association with Johnson, Redd responded, "I don't understand."[1] The court also questioned Jones, who indicated his understanding of a potential conflict of interest and expressed a lack of objection to Garrett's representation of Redd.

In granting the motion to disqualify Garrett, the trial court concluded that the representation of two co-defendants by counsel who were associated in practice together created a conflict of such magnitude that the court must reject any waiver on the part of Redd, especially in light of Jones' agreement to testify against him.

In *Fleming v. State*, 246 Ga. 90 (1) (270 SE2d 185) (1980), we held that where the state seeks the death penalty against a defendant, he and his co-defendants must be provided with separate and independent counsel. *Zant v. Hill*, 262 Ga. 815 (2) (425 SE2d 858) (1993), limited the *Fleming* automatic disqualification rule to "cases in which each of two or more defendants is charged with capital felonies arising out of the same criminal transaction or event." Id. at 816. Pretermitting whether *Fleming* and *Hill* should be applied to *mandate* disqualification of counsel under the facts of this case as the state suggests, we affirm the trial court's ruling on the basis that the waiver obtained from Redd was not constitutionally sufficient.

---

[1] The questioning was as follows:

Q. Do you fully understand the concept of conflict of interest?

A. Yes, sir.

Q. Okay. Have you discussed this conflict question at length with your counsel, Mr. Garrett?

A. A little bit, Your Honor.

Q. Do you feel like you need to discuss it any further with him?

A. No, sir.

Q. Do you understand . . . the State's right and the Court's power to disqualify your counsel and to appoint you other competent counsel?

A. Uh-huh (yes).

Q. Do you have any desire in this case that you would like the court to be aware of in the process of my making this decision?

A. I'd just like Mr. Garrett to continue representing me.

Q. . . . . You want to waive any objection you have to the continuation of your representation by Mr. Garrett?

A. I don't understand.

Q. He says he doesn't understand; I don't doubt it . . . you have so far requested that Mr. Garrett continue on in your representation; is that correct?

A. Yes, sir.

Q. You would waive any objection to his continued representation of you —

A. Yes, sir.

Q. — as a result of this conflict of interest that we are discussing?

A. Yes, sir.

> In order to waive a right as fundamental as effective counsel, the trial court must, on the record, determine that the waiver is knowing, intelligent and voluntary. [Cits.] To meet this test, the trial court must be satisfied that the defendant is aware of the possibility of conflicts and the dangerous consequences which may result. [Cit.] The numerous United States Circuit Courts of Appeals which have addressed the issue point out the importance of personal questioning, on the record, by the trial court. [Cits.] Yet this procedure is not itself without problems. The court is unaware of potential areas of conflict and can only allude to the possibilities in the most general terms. Beyond that, the court cannot be sure the defendant is sophisticated enough to understand.

*Fleming*, supra at 91. See also *Tarwater v. State*, 259 Ga. 516 (383 SE2d 883) (1989). Redd merely assented to some of the court's questions and expressed a lack of understanding as to others. We are not satisfied by Redd's responses to the inquiry that he understood the possible conflict inherent in his representation by Garrett and the potential perils of such conflict.

Although he asserts that the disqualification impaired his Sixth Amendment right to counsel, "an indigent defendant does not have an absolute right to the assignment of counsel of his or her own choice; rather, the appointment is left to the sound discretion of the court." *Fleming*, supra at 94. See also *Lane v. State*, 238 Ga. 407 (4) (233 SE2d 375) (1977). We cannot say that the trial court's disqualification of Redd's counsel under the circumstances constituted an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 1994 —
RECONSIDERATION DISMISSED JULY 21, 1994.

*Michael C. Garrett,* for appellant.
*Richard A. Malone, District Attorney from Middle Circuit, Michael J. Bowers, Attorney General,* for appellee.