## A04A1315. MOORE v. THE STATE.

(601 SE2d 854)

PHIPPS, Judge.

Following denial of his motion for new trial, Kelvin Moore appeals his conviction of armed robbery. He challenges the sufficiency of the evidence, the trial court's failure to take action when a juror reported that she knew the state's key witness's family, and the court's failure to charge the jury on circumstantial evidence. He also charges the prosecuting attorney and defense counsel with certain conflicts, and he claims ineffective assistance of counsel. Finding no merit in any of these claims of error, we affirm.

State's evidence showed that a male approximately six feet tall, wearing a handkerchief over his face, and armed with a handgun appeared in a convenience store in Americus at about 11:00 p.m. on October 4, 1999, and forced the store clerk to give him money from the store's cash register and safe. Moore was identified as the robber by his cousin James West. West testified that Moore came to his house earlier that evening and, shortly before 11:00 p.m., asked him to walk to the convenience store with him. En route, Moore brandished a handgun, informed West that he was going to rob the store, and asked him if he wanted to participate. Although West declined, he observed Moore commit the robbery from across the street. West then fled the scene. As he was doing so, Moore changed his clothes and caught up with him. Moore followed West to his house, where West let Moore inside and then paid a neighbor to drive Moore home. Police recovered the clothing worn by the robber from a trash container in the vicinity of the store. Several of Moore's relatives testified in his defense.

1. The evidence, reviewed in a light most favorable to the verdict, was sufficient to enable a rational trier of fact to find Moore guilty of armed robbery beyond a reasonable doubt.[1]

2. Moore contends that the trial court erred in failing to allow follow-up questioning of a juror after it was discovered that, during voir dire, she had failed to respond when prospective jurors were asked whether they knew West.

---

[1] E.g., *Smart v. State*, 277 Ga. 111 (1) (587 SE2d 6) (2003).

After counsel's opening statements, one of the jurors announced in open court that she had just realized as a result of a remark by the prosecutor that she knew West's family, although she did not know him personally. The transcript shows that defense counsel did not attempt to ask this juror any additional questions or raise any objection to her service on the jury. Therefore, the matter was waived.[2]

3. Because the convenience store cashier was unable to positively identify Moore as the robber, Moore contends that the trial court erred in failing to charge the jury on the rule that to warrant a conviction on circumstantial evidence, the proved facts shall exclude every other reasonable hypothesis save that of guilt.[3]

In this case, however, there was no request to charge on this rule of circumstantial evidence. In the absence of a request, a charge on the law of circumstantial evidence must be given only if the state's case is based wholly on circumstantial evidence.[4] Here, it was not. West testified that he saw Moore rob the store. "That is direct evidence, not circumstantial, and the trial court did not err in failing to charge on circumstantial evidence. [Cit.]"[5]

4. Moore contends that the trial court erred in allowing defense counsel to continue to represent him when a conflict of interest on counsel's part came to light.

On cross-examination, defense counsel impeached West with certified copies of West's convictions on four counts of deposit account fraud in a case that was concluded shortly before Moore's trial. On redirect examination, the prosecuting attorney elicited testimony from West showing that, coincidentally, Moore's defense attorney had represented West in the case and had persuaded him to plead guilty. During closing argument, the prosecuting attorney commented that defense counsel had "sold James West down the river" in the prior case so that he could use his convictions to impeach him in this case. Defense counsel objected to this argument as irrelevant, but the court overruled the objection. Moore does not appeal that ruling.

Instead, he appears to argue that the trial court should have sua sponte dismissed his trial attorney from the case due to a conflict of interest (thereby necessitating declaration of a mistrial). But any conflict that existed would seem to have been more prejudicial to West than to Moore. In any event, there appeared no conflict requiring counsel's dismissal from this case.

---

[2] See *Brindle v. State*, 125 Ga. App. 298, 299 (1) (187 SE2d 310) (1972).

[3] OCGA § 24-4-6.

[4] *Stubbs v. State*, 265 Ga. 883, 884 (1) (463 SE2d 686) (1995).

[5] *Davis v. State*, 266 Ga. 801, 803-804 (7) (471 SE2d 191) (1996).

5. Moore contends that the trial court erred in allowing the state to proceed in the prosecution of this case when it was discovered that the attorney who initially had been appointed as Moore's defense counsel had become the district attorney. The transcript, however, belies Moore's claim that his initial attorney was acting as district attorney at the time of his trial.

6. Finally, Moore contends that his defense attorney was ineffective in failing to request a jury instruction on the defense of alibi and in failing to submit written requests for jury instructions.

"The defense of alibi involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. The range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence."[6] The defense witnesses' testimony did not reasonably exclude the possibility of Moore's presence at the scene of the crime. Consequently, counsel cannot be charged with ineffective assistance in failing to request an alibi charge. Because Moore has not shown that his defense attorney failed to request any other jury instructions that were not given, he has failed to carry his burden of showing ineffective assistance of counsel.[7]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JULY 8, 2004.

*Mark T. Phillips*, for appellant.
*Cecilia M. Cooper, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellee.

---

[6] OCGA § 16-3-40.
[7] See generally *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000).