A04A1348. PUTMAN v. THE STATE.
(606 SE2d 50)

ADAMS, Judge.

Jonathan Putman appeals from his conviction for speeding. We affirm.

1. Putman first contends that the trial court erred in substituting judges after the completion of voir dire and the parties' exhaustion of their respective peremptory challenges. He asserts that, as a result, he was deprived of the opportunity to qualify the jury members as to any possible relationship with the judge presiding over the case or to determine whether the judge knew the witness and/or counsel for the state. He asserts that he may have exercised his peremptory challenges differently had he been allowed further voir dire.

On October 22, 2003, Judge John Herbert Cranford of the Coweta County State Court presided over the voir dire examination and jury selection in this case. Court was adjourned for the day prior to the jury being sworn, and the jurors were instructed to return the next day.

When court began the next day, Judge James Stripling, Chief Magistrate of Coweta County, announced that he would be presiding over the remainder of the case pursuant to a judicial assistance order from Judge Cranford. After the jury was brought into the court room, Judge Stripling asked both the assistant solicitor and Putman's attorney whether this was the jury they each had selected in the case. Both attorneys replied in the affirmative. The jury was then sworn in without any objection or any request for further voir dire by Putman.

We find that by failing to object or to request additional voir dire, Putman waived appellate review of this issue. See *Quick v. State,* 256 Ga. 780, 783 (3) (b) (353 SE2d 497) (1987); *Moore v. State,* 268 Ga. App. 398-399 (2) (601 SE2d 854) (2004); *Cammer v. State,* 263 Ga. App. 277 (1) (587 SE2d 656) (2003).

2. Putman next asserts that the trial court erred in allowing the state to enter into evidence and conduct direct examination regarding the certificate of calibration for the radar device used in this case because the state failed to produce the certificate in response to his discovery request. He asserts that the certificate was a scientific report subject to discovery under OCGA § 17-16-23 (b).

Georgia appellate courts have not interpreted the term "scientific reports" under that statute to include "all reports of a general

scientific nature." (Citation omitted.) *Harmon v. State*, 224 Ga. App. 890, 893 (3) (a) (482 SE2d 730) (1997). Rather, "our Supreme Court construed 'written scientific reports' under former OCGA § 17-7-211, which contains the same terms as OCGA § 17-16-23, to mean written scientific reports of 'tests which generally are carried out during the course of the investigation of a crime.' " (Citation omitted.) Id. In *Harmon*, this Court determined that the certificates of inspection for an intoxilyzer were not scientific reports within the meaning of the statute because they were not prepared in connection with any specific crime, but instead were conducted periodically to ensure that the intoxilyzer was working properly. Id.

Here, the officer testified that the radar device he used was sent away annually to be calibrated, and the certificate entered into evidence by the state reflected that the radar device at issue had been calibrated under that procedure. Accordingly, the certificate of calibration was not prepared in connection with the investigation of Putman's speeding ticket, but rather was generated as the result of "routine and ongoing actions necessary to law enforcement. They would have been performed even had [Putman] not been accused of [speeding]." *Renschen v. State*, 225 Ga. App. 678, 679 (3) (484 SE2d 753) (1997). Therefore, we agree with the trial court that the certificate was not a scientific report subject to the discovery provisions of OCGA § 17-16-23, and we find no error.

3. Putman also objects to the trial court's admission of the certificate of calibration on the ground that the state failed to lay a proper foundation for the admission of this document. Although Putman's attorney objected on numerous occasions to the admission of the certificate on the ground that it had not been produced in response to her discovery request and other grounds, no objection was made to the admission of the document on the ground that the state failed to lay a proper foundation. Accordingly, Putman waived the right to assert this argument on appeal. *Ballard v. State*, 268 Ga. App. 55, 58 (2) (601 SE2d 434) (2004).

4. Putman next contends that the trial court erred by assisting the state in its examination of the arresting officer at trial. During direct examination, the solicitor-general asked the officer whether he knew if the radar device was checked annually for calibration. Putman's attorney objected on the ground that the question called for speculation. The trial court overruled the objection and then directed the solicitor-general to ask the officer how he knew that the device was checked. Putman contends that this direction reflected the judge's failure to remain impartial during trial.

But Putman raised no objection on this ground and thus waived any right to pursue the matter on appeal. *Palmer v. State*, 271 Ga. 234, 238 (5) (517 SE2d 502) (1999). Even if Putman had properly

objected, however, no error occurred, as the trial court's direction merely sought clarification from the witness. It is well settled that a trial court may propound a clarifying question "in order to develop the truth of a case." (Citation omitted.) *Jackson v. State*, 251 Ga. App. 171, 172 (1) (554 SE2d 202) (2001).

5. Putman further asserts that the trial court erred in imposing the state's recommended penalty, arguing that the trial court knew that the recommendation was in retaliation for his decision to exercise his right to a jury trial.

During the sentencing hearing, the state represented that Putman's driving record included five prior speeding tickets and other moving violations. The state recommended that the trial court impose the maximum fine of $1,000, twelve months probation, five days community service and driving school. This was a more onerous penalty than the state had earlier indicated it would be seeking. Putman's counsel raised a question as to whether the recommendation was based upon malice. The solicitor-general denied any malice, but acknowledged that he made this recommendation based, in part, upon the inconvenience to the jurors and the witness for attending court three days in connection with the trial. In response, the trial court stated, "I don't know that that is any reason to punish the defendant."

Thus, even assuming, without deciding, that the sentence recommendation was improper, the trial judge rejected using the trial as a basis for imposing punishment upon Putman. Moreover, the trial court had discretion to impose any sentence imposed by law for the offense of speeding, and "[t]here is a strong presumption that the court ignores illegal evidence and considers only legal evidence in imposing a sentence." (Footnote omitted.) *Dorsey v. State*, 265 Ga. App. 597, 602 (4) (595 SE2d 106) (2004). Here, the sentence imposed by the trial court was within the range prescribed by statute for the offense of speeding. OCGA § 17-10-3 (a) (1). Thus, we find no error. *Dorsey*, 265 Ga. App. at 602 (4). See also *Fortson v. State*, 242 Ga. App. 304, 306 (3) (529 SE2d 429) (2000).

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 8, 2004.

*Naponisha L. Sivad*, for appellant.
*Robert Stokely, Solicitor-General, Seay VanPatten-Poulakos, Monica N. Hamlett, Sandra N. Wisenbaker, Assistant Solicitors-General,* for appellee.