## S05A1381. MORRIS v. THE STATE.
(625 SE2d 391)

MELTON, Justice.

Jermaine Morris was convicted of malice murder, aggravated assault, and firearm possession charges arising out of the shooting death of Kenya Woolfalk and the aggravated assaults upon Antravis Wells and Demon Cox.[1] He appeals from the denial of his motion for new trial, contending that he received ineffective assistance of counsel and that the verdict was ambiguous. Finding no error, we affirm.

1. The jury was authorized to find from the evidence adduced at trial that Morris purchased a used car from Woolfalk and Wells several weeks before the shootings. Following the purchase, Morris contacted Woolfalk and Wells to discuss a problem with the vehicle, and arranged a meeting to allow them to examine the engine. When Woolfalk, Wells, and their companion Cox, arrived at the pre-arranged location near Interstate 20, Morris insisted that they follow him to a different location. The men refused and drove off. Morris pursued them onto the interstate, pulled alongside Woolfalk's car and fired his .45 Glock pistol several times into the car, hitting Woolfalk in the neck and chest and then shooting Cox once in the leg as he attempted to steer the car after Woolfalk had been killed. None of the victims was in possession of a weapon. When the police apprehended Morris a few days after the incident at a DeKalb County hotel, he was in possession of the .45 caliber gun used to shoot the victims. In a videotaped statement Morris admitted his involvement in the shooting, but claimed that he shot in self-defense.

Although Morris does not challenge the sufficiency of the evidence to support his convictions on appeal, we conclude that this evidence was sufficient to enable a rational trier of fact to find Morris guilty of the charged crimes beyond a reasonable doubt and to reject his claim that he fired his weapon in self-defense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Morris argues that his trial counsel rendered ineffective assistance. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the burden was on Morris to prove that his

---

[1] The crimes occurred on June 13, 2002. Morris was indicted September 20, 2002 in Fulton County on charges of malice murder, felony murder, three counts of aggravated assault, and three counts of possession of a firearm during the commission of a felony. He was found guilty on all charges on December 11, 2002. The felony murder conviction was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993), and Morris was sentenced to life imprisonment on the malice murder count, concurrent twenty-year terms for the aggravated assaults upon Wells and Cox, and a consecutive five-year term for the firearm possession counts. His motion for new trial, filed December 12, 2002 and amended on February 2, 2004 and February 24, 2004, was denied April 28, 2004. A notice of appeal was filed May 3, 2004. The appeal was docketed May 11, 2005 and orally argued September 26, 2005.

counsel's performance was deficient and that the deficiency prejudiced his defense. See *Chapman v. State*, 273 Ga. 348, 349 (2) (541 SE2d 634) (2001). An appellate court will uphold a trial court's findings of fact on a claim of ineffective assistance of counsel unless those findings are clearly erroneous; "we review [the trial] court's legal conclusions de novo." *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003).

(a) Morris' contention that his trial counsel should have requested the removal of four venire panel members for cause is without merit. Although the jurors expressed some concern about the case after the court read the charges in the indictment, when individually questioned, each juror affirmed his or her impartiality. Prospective juror Graham stated that even though she had a bias against Morris after hearing the indicted charges, she acknowledged that she could be fair and impartial in deciding the case. Prospective juror McDonald stated that his previous employment as an Air Force prosecutor gave him a leaning towards the prosecution, but when asked if he could follow the judge's instructions, he unequivocally answered that he could be fair and impartial. Juror Dirberto stated that even though after hearing the charges read from the indictment he "feared" for himself and the defense due to the violent nature of the crimes, he affirmed he did not harbor any pre-conceived notions about Morris' guilt and could be fair and impartial. Juror Luther stated during voir dire that she felt there should be more convictions, but also affirmed that she could be fair and impartial because she did not harbor any preconceived notions about Morris' guilt or innocence. Whether to strike a juror for cause is within the sound discretion of the trial court and the court is not required to strike for cause a potential juror who does not hold a fixed and definite opinion of the defendant's guilt or innocence that would prevent the juror from adjudicating the case based solely on the evidence presented and the court's jury instructions. *Head v. State*, 276 Ga. 131, 133 (2) (575 SE2d 883) (2003); *McClain v. State*, 267 Ga. 378, 380 (1) (a) (477 SE2d 814) (1996). Because Morris cannot show that any of the four venire members held a fixed opinion of his guilt or innocence such that the trial court would have exercised its discretion to strike any of them for cause, Morris has failed to overcome the strong presumption that counsel's conduct fell within the broad range of reasonable professional conduct when he elected not to seek their removal for cause. *Herring v. State*, 277 Ga. 317, 320 (6) (b) (588 SE2d 711) (2003). See *Prince v. State*, 277 Ga. 230, 233 (3) (587 SE2d 637) (2003).

(b) Morris contends that trial counsel should have objected when the prosecutor commented upon and elicited evidence about Morris' failure to come forward to the police prior to his arrest. However, Morris has failed to show that he was prejudiced by his counsel's

186

failure to object to the improper comments. Accordingly, given the overwhelming evidence of Morris' guilt, he cannot show a reasonable probability that the jury would have had a reasonable doubt about his guilt, had his counsel made the proper objection. *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998). See also *Callendar v. State*, 275 Ga. 115, 117 (3) (b) (561 SE2d 113) (2002).

(c) Morris contends that trial counsel should have objected when the trial court referred to the other participants in the incident as "victims," because that characterization amounted to an improper comment on the guilt of the accused under *Sims v. State*, 266 Ga. 417 (467 SE2d 574) (1996). The transcript reveals that the reference to the victims came from the trial court by way of explanation to the venire about the contents of the indictment. We have held that a trial court's reference to a "victim" does not automatically amount to an improper expression of the guilt of the accused under OCGA § 17-8-57, as that statute is violated only when the court " 'intimates to the jury what the judge believes the evidence to be.' [Cit.]" *Jones v. State*, 268 Ga. 12, 15 (5) (483 SE2d 871) (1997). See *Sedlak v. State*, 275 Ga. 746, 748 (2) (d) (571 SE2d 721) (2002). Since the trial court here did not impermissibly give an expression of an opinion concerning the evidence when it used the word "victim," Morris cannot show deficient performance on the part of his trial counsel.

(d) Morris claims trial counsel was ineffective in failing to request additional closing argument after the court, over counsel's objection, recharged the jury on transferred intent. It is within the discretion of the trial court to give unrequested additional instructions when the jury requests a recharge on a particular point, even if the instruction was not part of the original charge, *Taylor v. State*, 169 Ga. App. 842, 843 (2) (315 SE2d 661) (1984), and any argument that an attorney's performance is deficient for failure to seek an opportunity to argue further to the jury after jury recharge, lacks merit. See *Igidi v. State*, 251 Ga. App. 581, 586 (5) (554 SE2d 773) (2001).

3. Morris contends that the convictions as to victim Woolfalk for malice murder, felony murder predicated on aggravated assault, and aggravated assault should be set aside because they were the result of an ambiguous verdict and that under the rule of lenity, he should be sentenced on the lesser included offense of voluntary manslaughter. The court instructed the jury that if they found Morris guilty on all of the indicted charges the form of their verdict should be "we, the jury, find the defendant guilty." The jury returned that verdict and Morris now contends that the jury's failure to be more specific in the verdict renders it ambiguous. We disagree. While a defendant is

"entitled to the benefit of the doubt in the construction of an ambiguous verdict [cit.]," *Lindsey v. State*, 262 Ga. 665, 666 (1) (424 SE2d 616) (1993), the verdict here unambiguously showed that Morris was convicted on all counts.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006 —
RECONSIDERATION DENIED FEBRUARY 13, 2006.

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.