A06A0746. EKANGER v. THE STATE.
(631 SE2d 459)

MILLER, Judge.

Following a jury trial, Jonathan Patrick Ekanger was convicted of shoplifting. In his sole enumeration on appeal, he contends that the trial court erred in denying his motion for mistrial after the State improperly commented on his right to remain silent. We discern no reversible error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Dillard's department store security officers observed Ekanger, both on video surveillance cameras and in person, in the

men's Polo section of the store. Ekanger was acting suspiciously, and was holding several Polo shirts in his hands. Ekanger looked around to try to make sure that no one was watching him, hid behind a Polo display, and stuffed a Polo shirt into his pants. When Ekanger saw a security officer approaching him, he fled from the men's Polo area, threw down the shirt that he had in his pants and another shirt that he was carrying, and picked up a shirt from another department as if he were just shopping. A security officer arrested Ekanger for shoplifting. The incident was recorded on video, and the video was played for the jury.

At trial, Ekanger testified in his own defense, claiming that he was not trying to steal the shirt, but that he was only trying to hide the shirt from a friend for whom he was buying it. During cross-examination, the State asked the following questions: "And after [the officer] stopped you, you didn't tell him, oh, I was going to pay for this? You didn't tell him this [shirt] is for a friend." Defense counsel immediately objected and moved for a mistrial, arguing that the State was violating his client's Fifth Amendment right against self-incrimination by commenting on Ekanger's choice to remain silent while he was detained by the security officer. The court denied the motion for mistrial, but cautioned the State, outside of the jury's presence, not to make any further comment on Ekanger's silence. The State finished its cross-examination without making any further reference to Ekanger's silence. Ekanger was convicted of shoplifting, and he now appeals.

As the Supreme Court of Georgia has made clear, "in criminal cases, a comment upon a defendant's silence or failure to come forward is far more prejudicial than probative. Accordingly, . . . such a comment will not be allowed even where the defendant has not received *Miranda* warnings and where he takes the stand in his own defense." *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991); see also *Barnes v. State*, 269 Ga. 345, 352 (12) (496 SE2d 674) (1998). Here, the comment by the prosecutor was clearly impermissible, as it pointed directly at the substance of Ekanger's defense that he was merely buying a shirt for a friend, or at the very least could have substantially prejudiced Ekanger in the eyes of the jury. See, e.g., *Gordon v. State*, 250 Ga. App. 80, 83 (550 SE2d 131) (2001); *Gibbs v. State*, 217 Ga. App. 614, 615 (458 SE2d 407) (1995).

The Supreme Court of Georgia has also made clear, however, that where the evidence of a defendant's guilt is overwhelming, any error resulting from a prosecutor's isolated comment on a defendant's silence during cross-examination is rendered harmless. See *Barnes*, supra, 269 Ga. at 352 (12) (where defendant argued self-defense, comment on defendant's silence during both cross-examination and closing argument was rendered harmless by overwhelming evidence

of guilt). Here, the shoplifting was witnessed in person and on video camera by security personnel; the video was played for the jury; Ekanger fled from security officers when they approached him; and Ekanger threw down the shirts that were in his hands and in his pants while he was being pursued by the security officers. Moreover, the prosecutor followed the court's instruction to make no further comment on Ekanger's silence after he made the initial, isolated comment during cross-examination. Under these circumstances, the error resulting from the prosecutor's comment on Ekanger's silence was rendered harmless. Id.; see also *Haggins v. State*, 277 Ga. App. 742, 747 (6) (627 SE2d 448) (2006) (isolated comment on defendant's silence did not draw sufficient attention to defendant's silence to constitute prejudicial error); compare *Gordon*, supra, 250 Ga. App. at 83 (harmful error occurred where prosecutor repeatedly stressed defendant's failure to explain events leading to his arrest and court told jury that prosecutor had a right to question defendant about his failure to make a statement).

Accordingly, the trial court did not commit reversible error in denying Ekanger's motion for mistrial.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 16, 2006.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Gregory R. Barton, Solicitor-General, Evelyn Proctor, Assistant Solicitor-General*, for appellee.

