A07A1329. BLY v. THE STATE.
(648 SE2d 446)

BLACKBURN, Presiding Judge.

Following a jury trial and the denial of his motion for new trial, Nathaniel Bly appeals his convictions for committing an aggravated assault on a peace officer[1] and for obstructing a law enforcement officer (felony).[2] These charges arose out of Bly's violent attacks on an officer during a traffic stop. He challenges the sufficiency of the evidence on the aggravated assault charge and argues that the trial court erred in excusing a juror, in allowing conclusory testimony, and in finding he did not prove a claim of ineffective assistance of counsel. We hold that the evidence sufficed to sustain the aggravated assault conviction and further hold that no reversible error appears. Accordingly, we affirm.

---

[1] OCGA § 16-5-21 (c).

[2] OCGA § 16-10-24 (b).

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the evidence shows that at approximately 1:30 a.m. one morning, Officer Hawk observed Bly repeatedly drive his pickup truck over the centerline. Suspecting intoxication, Officer Hawk activated his blue lights and pulled Bly over, which caused an officer in a second patrol car nearby to pull in behind Officer Hawk to assist. Officer Hawk approached Bly and asked for his driver's license and proof of insurance. Ignoring the request, Bly asked why he had been stopped. Officer Hawk explained that Bly had been driving left of the centerline. In a raised voice, Bly angrily cursed the officer. Officer Hawk again requested Bly's driver's license and proof of insurance; Bly refused, belligerently yelling insults at the officer.

With the second officer approaching the passenger side, Officer Hawk opened the driver's door to Bly's truck and ordered Bly to exit the vehicle. Bly responded by laying over on the truck seat and kicking Officer Hawk with his left leg. Officer Hawk recoiled, informed the second officer he had been kicked, and then grabbed his pepper spray from his belt; meanwhile, Bly fumbled with something on the passenger floorboard of the truck. Officer Hawk reached in the truck and grabbed Bly by his left arm, when suddenly Bly struck at Officer Hawk's forearm with a pair of wire cutters, lacerating the flesh deeply and causing Officer Hawk to bleed profusely. Officer Hawk sprayed the pepper spray and drew his weapon. The second officer intervened, subduing a yelling Bly and arresting him. Bly then threatened to kill Officer Hawk.

At trial, Officer Hawk's treating physician testified that Officer Hawk suffered a deep laceration to the left forearm, requiring six stitches. A jury found Bly guilty of committing an aggravated assault on a peace officer and of feloniously obstructing a law enforcement officer. On appeal, Bly challenges the aggravated assault conviction on the ground that the wire cutters did not cause serious bodily injury to Officer Hawk. See OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . with any object . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . .").

---

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

This contention is without merit. Bly struck violently at Officer Hawk with a pair of steel wire cutters, which lacerated Officer Hawk deeply and caused him to bleed profusely. He required surgical care to suture the wound. This evidence supported a finding that the wire cutters resulted in serious bodily injury to Officer Hawk.

2. Bly contends that the trial court erred in striking a juror for cause who testified that she knew Bly personally as a friend and who further admitted that she could not be totally fair to both sides. Bly contends that his counsel was not allowed an opportunity to rehabilitate the juror.

In determining whether a juror can impartially decide a case, "the trial court is given the utmost discretion and will not be reversed absent a manifest abuse of that discretion." (Punctuation omitted.) *Mulvey v. State*.[5] Indeed, the court "should err on the side of caution by dismissing, rather than trying to rehabilitate, biased jurors." (Punctuation omitted.) Id. A "juror's testimony that she was biased in favor of one of the parties on account of her personal experiences justifie[s] a challenge for cause." Id.

Here, the juror's testimony that her personal friendship with Bly was so close that she could not be impartial nor totally fair to both sides certainly justified the State's request that she be excused for cause. Bly's complaint that the trial court then ruled in the State's favor without giving Bly an express opportunity to rehabilitate the juror lacks merit. The burden was on Bly to affirmatively seek this opportunity; his failure to object or to in any way make a request for such an opportunity waived the matter. See *Putman v. State*[6] ("by failing to object or to request additional voir dire, [defendant] waived appellate review of this issue").

3. Bly argues that the trial court erred in overruling his objection to conclusory testimony from an experienced officer that this officer felt that Officer Hawk acted appropriately as a police officer in the line of duty. *In the Interest of Smith*[7] held that such a "shorthand" or conclusory rendering of the facts is permissible under the following rationale:

> [W]hen the subject matter of any inquiry relates to numerous facts perceived by the senses, from a series of instances passing under the observation of a witness, or to a variety of circumstances and a combination of appearances, which, under the limitation of language, cannot be adequately

---

[5] *Mulvey v. State*, 250 Ga. App. 345, 348 (3) (551 SE2d 761) (2001).
[6] *Putman v. State*, 270 Ga. App. 45 (1) (606 SE2d 50) (2004).
[7] *In the Interest of Smith*, 143 Ga. App. 358, 360 (2) (238 SE2d 725) (1977).

described and presented to the jury with the same force and clearness as they appeared to the witness, the witness may state his impressions drawn from, and opinions based upon, the facts and circumstances observed by him or the effect which they produced upon his mind.

See *McMichen v. Moattar*.[8] Accordingly, we discern no abuse of discretion.

4. In his final enumeration of error, Bly urges that the trial court erred in ruling against his claim of ineffective assistance of counsel.

The burden of establishing the ineffective assistance of trial counsel is a heavy one that requires an appellant to establish both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. Regarding this second prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings, he must establish a reasonable probability that but for the error, his trial would have ended differently. A failure to make a sufficient showing on either of these prongs will be fatal to a claim of ineffective assistance.

(Punctuation and footnotes omitted.) *Wallace v. State*.[9] We uphold the trial court's findings of fact in this regard unless they are clearly erroneous. *Johnson v. State*.[10]

(a) Bly first alleges that his trial counsel had an impermissible conflict at the time he represented Bly. Specifically, he complains that his counsel served concurrently as a part-time city judge for the local recorder's court, where he often heard Officer Hawk give testimony and where he had Bly arrested for contempt for cursing during a proceeding involving a relative of Bly's. Bly, however, waived this issue when in light of these matters, the court conducted a pre-trial hearing in which Bly's counsel offered to withdraw and the court offered to appoint other counsel. Bly declined the offers, explaining that he nevertheless wanted his counsel to continue representing him. Bly thereby waived the issue. See *Golden v. State*.[11]

---

[8] *McMichen v. Moattar*, 221 Ga. App. 230, 232 (2) (470 SE2d 800) (1996).

[9] *Wallace v. State*, 272 Ga. 501, 503-504 (3) (530 SE2d 721) (2000).

[10] *Johnson v. State*, 281 Ga. 770, 772 (2) (642 SE2d 827) (2007).

[11] *Golden v. State*, 250 Ga. App. 288, 289-291 (2) (551 SE2d 398) (2001).

(b) Bly next claims that his trial counsel failed to object to the examination of an officer who testified that in a police interview, Bly invoked his right to an attorney upon being advised of his *Miranda* rights. To refute Bly's defense that he struck at Officer Hawk's arm in self-defense (out of fear that the arm was aimed for his crotch), the State then asked, "He didn't say anything about any arm being put on his leg, or anything like that?" The officer responded, "No, sir." The State followed up, "He just didn't want to talk to you. He wanted an attorney?" to which the officer responded, "Yes." The State made no further references to Bly's silence, whether in argument or in the cross-examination of Bly.

As Bly correctly points out, this was an error of constitutional dimension in that the State was commenting improperly on Bly's constitutional right to silence. See *Gibbs v. State*.[12] Although Bly has shown that his counsel was deficient in failing to object, Bly has not shown that there was a reasonable probability that but for the error, his trial would have ended differently. See *Morris v. State*[13] (defendant failed to show that he was prejudiced by his counsel's failure to object to comments on his silence); *Landers v. State*.[14] Indeed, this isolated reference to his silence was not raised again nor argued in closing argument. "Thus, there was no focus on [Bly's] silence sufficient to constitute prejudicial error." (Punctuation omitted.) *Haggins v. State*.[15] See *Ekanger v. State*.[16] Combined with the overwhelming evidence of Bly's guilt in light of the two officers' eyewitness testimonies, the doctor's testimony, the photographs of Officer Hawk's blood spilled at the scene, and Bly's own admission on the stand to striking Officer Hawk with the wire cutters while the officer was conducting a traffic stop, "we conclude that no prejudice resulted from trial counsel's failure to raise a Fifth Amendment objection." *Wallace v. State*, supra, 272 Ga. at 504 (3) (a).

(c) Citing *Benham v. State*,[17] Bly contends his counsel erred in consciously choosing to forego an instruction on "defense of habitation" (OCGA § 16-3-23) in preference to having the jury simply receive a self-defense charge under OCGA § 16-3-21. Counsel testified at the motion for new trial hearing that he strategically decided that he wanted the jury to focus on Bly's concern for defending his physical welfare and not on any alleged concern for preventing unlawful entry into his vehicle; counsel indicated that any concern for

---

[12] *Gibbs v. State*, 217 Ga. App. 614, 615 (458 SE2d 407) (1995).

[13] *Morris v. State*, 280 Ga. 184, 185-186 (2) (b) (625 SE2d 391) (2006).

[14] *Landers v. State*, 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).

[15] *Haggins v. State*, 277 Ga. App. 742, 747-748 (6) (627 SE2d 448) (2006).

[16] *Ekanger v. State*, 279 Ga. App. 421, 423 (631 SE2d 459) (2006).

[17] *Benham v. State*, 277 Ga. 516, 517-518 (591 SE2d 824) (2004).

such an entry seemed incredible in light of the fact that Officer Hawk was conducting a lawful traffic stop. Because, unlike *Benham*, the victim here (Officer Hawk) was undisputedly conducting a traffic stop, which would seem unlikely grounds for finding that the officer was entering Bly's vehicle unlawfully under OCGA § 16-3-23, we cannot hold that counsel's tactical decision to have the jury focus purely on the protection of Bly's person through the giving of a self-defense charge only was unreasonable as a matter of law. Cf. *Patel v. State*[18] (distinguishing *Benham* on the ground that the evidence in *Benham* undisputedly showed that the victim in a violent and tumultuous manner unlawfully first struck the defendant through the car window).

(d) Bly has asserted numerous additional grounds for his claim of ineffective assistance. We have carefully reviewed the trial transcript and the motion for new trial transcript, in which Bly's trial counsel defended his decisions on the various matters challenged by Bly. We find that evidence supports trial counsel's decisions. As in *Rowe v. State*[19] and the cases cited therein,

> we do not find it necessary to address specifically and individually each of [Bly's ten] instances of challenged trial tactics. We simply note that the decisions on which witnesses to call, . . . how to conduct cross-examinations, what motions to file, and what objections to make are strategic decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel.

The trial court did not clearly err in finding that Bly did not meet his burden of showing ineffective assistance. *Rowe v. State*, supra, 263 Ga. App. at 370 (5).

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JUNE 20, 2007 — ▬▬▬

*James R. McNiff*, for appellant.
*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.

---

[18] *Patel v. State*, 279 Ga. 750, 752 (a) (620 SE2d 343) (2005).
[19] *Rowe v. State*, 263 Ga. App. 367, 370 (5) (587 SE2d 781) (2003).