A07A2164. KURTZ v. THE STATE.
(652 SE2d 858)

BLACKBURN, Presiding Judge.

Following a jury trial, James Kurtz was convicted on one count of child molestation,[1] two counts of sexual assault against a person in custody,[2] one count of aggravated child molestation,[3] one count of statutory rape,[4] and one count of cruelty to children.[5] He appeals his convictions and the denial of his motion for new trial, arguing that his trial counsel provided ineffective assistance by (i) failing to request a jury charge on evidence of his good character; (ii) failing to object to the State's improper comment on his constitutional right to remain silent; and (iii) failing to impeach the victim with evidence of her past conviction of a crime of moral turpitude. For the reasons set forth below, we affirm.

---

[1] OCGA § 16-6-4 (a).

[2] OCGA § 16-6-5.1 (c) (1).

[3] OCGA § 16-6-4 (c).

[4] OCGA § 16-6-3 (a).

[5] OCGA § 16-5-70 (b).

Viewed in the light most favorable to the verdict, *Davis v. State*,[6] the record shows that in September 2003, 14-year-old J. W. was living at a home for troubled girls and was attending a public high school, where she was a student in a class taught by Kurtz. At some point that semester, Kurtz began directing an inordinate amount of attention toward J. W. during class, and she, in turn, began flirting with him. Eventually, J. W. began staying in Kurtz's classroom with him while the other students were at lunch and would confide in him regarding personal matters, including the fact that she had previously been involved in a sexual relationship with a 41-year-old man. Shortly thereafter, Kurtz initiated a sexual relationship with J. W. by telling her he wanted to sleep with her, putting his hand down her pants, and touching her privates. Over the next couple of months, J. W. continued meeting Kurtz in his classroom during the lunch period, at which time on several occasions they engaged in sexual intercourse and oral sex. As the relationship continued, Kurtz bought greeting cards, jewelry, and lingerie as gifts for J. W.

During this time, other teachers at the high school began noticing that Kurtz was spending an unusual amount of time with J. W. and were concerned about the appropriateness of his behavior. Rumors of their relationship began surfacing, and consequently, the assistant principal spoke to Kurtz to inform him of these concerns. Afterward, Kurtz told J. W. that she should stop coming to his classroom during lunch. Shortly thereafter, J. W. disclosed the fact that she was having a sexual relationship with Kurtz to one of the counselors where she lived. She also conveyed details of the relationship to the counselor, such as the fact that Kurtz had given her gifts and that his privates had a scar. The Department of Family and Children Services (DFCS) was notified, and J. W. later disclosed the details of her relationship with Kurtz to a DFCS supervisor.

Kurtz was arrested and indicted on one count of child molestation, two counts of sexual assault against a person in custody, one count of aggravated child molestation, one count of statutory rape, and one count of cruelty to children. At his trial, the State offered J. W.'s testimony, as well as the testimony of other teachers, witnesses who interviewed J. W., and witnesses who sold Kurtz the gifts he had given to J. W. Kurtz was found guilty on all counts and subsequently filed a motion for new trial. He was appointed new counsel and twice amended his motion for new trial, which was denied after a hearing. This appeal followed.

In three enumerations of error, Kurtz contends that the trial court erred in denying his claim of ineffective assistance of counsel,

---

[6] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

arguing that his trial counsel was ineffective in (i) failing to request a jury charge on evidence of his good character; (ii) failing to object to the State's improper comment on his right to remain silent; and (iii) failing to impeach the victim with evidence of her past conviction of a crime of moral turpitude.

To establish ineffective assistance of counsel under *Strickland v. Washington*,[7] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Mency v. State*.[8] "Making that showing requires that [Kurtz] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." *Simpson v. State*.[9] We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State*.[10]

1. Kurtz first contends that his trial counsel performed deficiently by failing to request that the trial court charge the jury on evidence of his good character. Specifically, he argues that his trial counsel should have made such a request based on Kurtz's testimony at trial regarding his ten-year career as a teacher, his part-time job teaching homebound students, his part-time job teaching a GED program for inmates at a nearby prison, his counseling of the victim, and his attempt to find foster care for the victim.

"[W]hile evidence of good character is a substantive fact, which should be considered by the jury along with other facts tending to bear on the question of guilt or innocence, evidence of good character is not a substantive defense." (Punctuation omitted.) *Williams v. State*.[11] Thus, the trial court was not bound to honor a request for a charge on evidence of Kurtz's good character even if trial counsel had sought one. Id. "[I]t is only when a defendant has put his character in issue as that term is defined in the context of OCGA §§ 24-9-20 (b) and 24-2-2 that the court is required to give a charge on good character." (Punctuation omitted.) Id. See *Hill v. State*.[12] "A defendant does not put his character in issue within the meaning of OCGA § 24-9-20 (b) by inadvertent statements regarding his own good conduct." (Punctuation omitted.) *Williams*, supra, 187 Ga. App. at 356-357 (2). See

[7] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[8] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[9] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).

[10] *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

[11] *Williams v. State*, 187 Ga. App. 355, 356 (2) (370 SE2d 210) (1988).

[12] *Hill v. State*, 243 Ga. App. 124, 127 (3) (532 SE2d 491) (2000).

*Jones v. State.*[13] "Whether a statement making reference to the defendant's good character is merely inadvertent or manifests a conscious election is a question of fact, determined primarily upon the trial court's assessment of the intent of the accused and his counsel." *Hill,* supra, 243 Ga. App. at 127 (3).

Here, trial counsel was specifically asked by the court if any evidence of Kurtz's good character was elicited, so as to require a charge on the issue, and counsel responded that there was not. In addition, Kurtz's testimony regarding his attempts to help J. W. is more reasonably construed as an explanation for the inordinate amount of time he had spent with her as observed by the other teachers. Similarly, Kurtz's testimony regarding his two part-time jobs only inadvertently placed his good character into issue. Thus, the trial court would not have been bound to charge the jury as to Kurtz's good character even if trial counsel had requested such a charge. See *Hill,* supra, 243 Ga. App. at 127 (3); *Williams,* supra, 187 Ga. App. at 357 (2). Accordingly, the trial court did not err in denying Kurtz's claim of ineffective assistance of counsel as to this issue.

2. Kurtz also contends that his trial counsel performed deficiently in failing to object to the State's improper comment on his constitutional right to remain silent. On cross-examination, Kurtz was questioned regarding the underwear he had bought for J. W. In attempting to refute that allegation, Kurtz claimed that he had bought the underwear for his wife but had left the bag containing the gift in his classroom. He further claimed that he had not even realized that the bag was missing until being questioned by the police at the station and reading the investigator's report, in which J. W. stated that he had bought the underwear for her. In response, the prosecutor for the State queried: "And you immediately told Detective Grant, of course, that wasn't true?," to which Kurtz responded in the negative. Kurtz's trial counsel did not object to this question, and the State made no further references to Kurtz's silence.

Pretermitting whether the State prosecutor's question constituted an improper comment on his right to remain silent, Kurtz has not demonstrated that there was a reasonable probability that but for his counsel's failure to object, his trial would have ended differently. See *Morris v. State*[14] (defendant failed to show that he was prejudiced by his counsel's failure to object to comments on his right to silence); *Landers v. State.*[15] "Indeed, this isolated reference to his silence was not raised again nor argued in closing argument. Thus, there was no

[13] *Jones v. State,* 257 Ga. 753, 758 (1) (363 SE2d 529) (1988).
[14] *Morris v. State,* 280 Ga. 184, 185-186 (2) (b) (625 SE2d 391) (2006).
[15] *Landers v. State,* 270 Ga. 189, 191 (4) (508 SE2d 637) (1998).

focus on [Kurtz's] silence sufficient to constitute prejudicial error." (Punctuation omitted.) *Bly v. State*.[16] See *Ekanger v. State*.[17] "[W]e conclude that no prejudice resulted from trial counsel's failure to raise a Fifth Amendment objection." (Punctuation omitted.) *Bly*, supra, 286 Ga. App. at 47 (4) (b). Accordingly, the trial court did not err in denying Kurtz's claim of ineffective assistance of counsel as to this issue.

3. Kurtz further contends that his trial counsel performed deficiently by failing to impeach J. W. with evidence of her past conviction of a crime of moral turpitude. During the hearing on Kurtz's motion for new trial, his appellate counsel questioned his trial counsel as to why the latter did not attempt to impeach J. W.'s credibility by introducing evidence and cross-examining her as to the fact that she had previously been adjudged delinquent for committing the felony of theft by taking. Citing his trial counsel's response that he was unaware of J. W.'s delinquency adjudication as evidence of deficient performance, Kurtz argues that he should have been granted a new trial. We disagree.

Under Georgia law, an adjudication of delinquency in a juvenile court is presumed to be inadmissible to impeach a witness in a criminal case. OCGA § 24-9-84.1 (d). Pretermitting whether J. W.'s adjudication of delinquency would have been admissible in this matter, Kurtz has not shown that his counsel's failure to admit this evidence prejudiced his defense in light of the fact that other evidence of J. W.'s alleged bad character was admitted. At trial both the State and Kurtz's trial counsel questioned J. W. extensively regarding her past history of drug abuse, mental health problems, and her prior sexual relationship with the 41-year-old son of her former foster parent. In addition, Kurtz's trial counsel also cross-examined J. W. and one of her counselors regarding the fact that, after fearing she might be pregnant, she told the counselor that she had had sex with a boy at school. Thus, given the fact that the jury was made fully aware of J. W.'s troubled past, Kurtz has not met his burden of showing that but for his counsel's alleged error in failing to introduce J. W.'s adjudication of delinquency, there is a reasonable probability that the outcome of his trial would have been different. See *Fuller v. State*.[18] Accordingly, the trial court did not err in denying Kurtz's claim of ineffective assistance of counsel.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

---

[16] *Bly v. State*, 286 Ga. App. 43, 47 (4) (b) (648 SE2d 446) (2007).
[17] *Ekanger v. State*, 279 Ga. App. 421, 423 (631 SE2d 459) (2006).
[18] *Fuller v. State*, 278 Ga. 812, 815 (2) (d) (607 SE2d 581) (2005).

DECIDED OCTOBER 12, 2007 —

*Brian Steel*, for appellant.

*Richard E. Currie, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.