## 37305. MARABLE v. THE STATE.

JORDAN, Chief Justice.

The defendant was tried and convicted of murder and sentenced to life imprisonment. His motion for new trial on the general grounds was overruled and he appeals to this court.

The facts reveal that the defendant and the victim along with two others were sitting at a table drinking beer. The defendant and the victim, who were sitting on the same side of the table, suddenly jumped up. The defendant took a knife from his pocket and the

victim picked up a bottle from the table. The two others then ran out and called the police. When they returned they met the victim exiting with stab wounds in his back from which he subsequently died.

The defendant testified that he and the victim had an argument, that the victim left and reentered carrying a bottle and attacked him, that he stabbed him only in self-defense.

1. Enumeration of error one contends the trial court erred in allowing the State's counsel to comment on defendant's post-arrest silence.

The objected to "comment" occurred during cross-examination of defendant and concerned his claim of self-defense for the first time at his trial. State's counsel asked defendant: "Did you tell the officers that night that you did this defensively; that the man came after you?"

There was no objection to the question and defendant's counsel asked further questions on redirect to explain why defendant had not made this assertion at the time of his arrest.

It is clear that the defendant waived any complaint by failing to object. *DeBerry v. State,* 241 Ga. 204 (1) (243 SE2d 864) (1978) and *Dampier v. State,* 245 Ga. 427 (15) (265 SE2d 565) (1980). There is no merit in this enumeration of error.

2. Enumerations of error 2 and 4 contend the trial court erred in overruling his motion for directed verdict and his motion for new trial on the general grounds.

We have reviewed the record in this case and find the verdict of the jury supported beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). There is no merit in these enumerations of error.

3. Defendant's third enumeration of error contends that the trial court erred in allowing the chief investigating officer and prosecutor to remain in the courtroom after the rule of sequestration had been invoked. This court has considered this contention on numerous occasions and concluded that it is within the sound discretion of the trial judge to allow the chief prosecuting officer to remain in the courtroom to aid in the presentation of the evidence. See *Cape v. State,* 246 Ga. 520 (3) (272 SE2d 487) (1980), and cases cited. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 1981.

*E. Earl Seals,* for appellant.
*Arthur E. Mallory III, District Attorney, Marc E. Acree, Assistant District Attorney, Arthur K. Bolton, Attorney General,*

*Mary Beth Westmoreland, Assistant Attorney General,* for appellee.