S98A1202. LANDERS v. THE STATE.<br/>(508 SE2d 637)

FLETCHER, Presiding Justice.

Rodney M. Landers was convicted of the 1989 shooting death of

Ronnie Goodman.[1] Landers contends that the prosecutor improperly questioned him about his failure to inform police that he shot the victim in self-defense and that his trial counsel was ineffective for failing to object to the prosecutor's questions and arguments. Although we agree that the prosecutor improperly commented on Landers' silence, Landers did not object at trial and cannot now show that his counsel's failure to object prejudiced him under the stringent standard for proving ineffective assistance of counsel. Therefore, we affirm.

1. The evidence at trial shows that Landers argued with Goodman after Goodman failed to buy marijuana for Landers or return his money. Landers left, but later returned with a friend, Patrick Frazier. Frazier renewed the quarrel with Goodman and coaxed him into the yard. During the argument, Goodman held an iron horseshoe stob and threatened to use it if Frazier jumped him. Four witnesses testified that Landers came around the building and between the cars, stood 15 to 20 feet from Goodman, pulled a gun from behind his back, and started shooting. There was no conversation between the two men. Two witnesses further testified that Landers walked over to where Goodman lay after he fell and shot him one or two more times. In defense, Landers testified that he shot two times as Goodman came after him with the iron pipe. The pathologist testified that Goodman bled to death as a result of gunshot wounds to his shoulder and chest. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Landers guilty of the crime charged.[2]

2. In *Mallory v. State*,[3] we held that the state may not comment on either a defendant's silence prior to arrest or failure to come forward voluntarily, even when the defendant chooses to testify at trial. Applying a balancing test, we reasoned that a prosecutor's comment on a defendant's pre-arrest silence should be excluded because it was far more prejudicial than probative.[4] In this case, the state improperly commented on Landers' failure to come forward during both its cross-examination of him and its closing argument.[5] However, this

---

[1] The shooting occurred on March 25, 1989. Landers was indicted on April 26, 1990, but escaped from prison on August 23, 1990. He returned to Spalding County in November 1995. On October 30, 1996, a jury found him guilty of malice murder, the trial court sentenced him to life imprisonment, and he filed a motion for a new trial. It was denied on March 19, 1998. Landers filed his notice of appeal on April 6, 1998 and the case was docketed in this court on April 23, 1998. Oral argument was held on July 20, 1998.

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 261 Ga. 625, 630 (409 SE2d 839) (1991).

[4] See *Jarrett v. State*, 265 Ga. 28, 29 (453 SE2d 461) (1995) (noting the high degree of potential prejudice of any comment compared to its minimal probative value).

[5] See *Barnes v. State*, 269 Ga. 345, 352 (496 SE2d 674) (1998) (concluding that trial court erred in allowing state to cross-examine defendant about his failure to talk to police

error was not preserved for appellate review because trial counsel did not object to the prosecutor's questions or argument.[6]

3. Although Landers contends that he was entitled to a jury instruction on circumstantial evidence because the state's case was solely circumstantial, the state presented direct evidence that he shot Goodman. Four eyewitnesses testified that they saw Landers shoot Goodman at least five times and two witnesses also testified that they saw Landers shoot Goodman in the back as he lay motionless on the ground. Because there was both direct and circumstantial evidence at trial and Landers failed to request a charge on circumstantial evidence, the trial court was not required to charge the jury on circumstantial evidence.[7]

4. Landers alleges ineffective assistance of counsel based on trial counsel's failure to request a jury instruction on circumstantial evidence and to object to the prosecutor's improper comments. To prove trial counsel is ineffective, a defendant must show that counsel's performance was deficient and that "the deficient performance prejudiced the defense."[8] Since the state's case rested primarily on direct evidence and Landers testified that he shot Goodman in self-defense, Landers' trial counsel was not deficient in declining to request a jury charge on circumstantial evidence. Moreover, Landers has failed to show that he was prejudiced by his counsel's failure to request the charge or object to the prosecutor's improper comments. Given the overwhelming evidence of Landers' guilt, he cannot show a reasonable probability that the jury would have had a reasonable doubt respecting his guilt, if his counsel had requested the charge or made the proper objection to the state's cross-examination and argument.

5. Finally, the trial court properly admitted evidence of Landers' escape from jail while awaiting trial and was not required to give a limiting instruction to the jury without a request.[9] Generally, evidence of flight and escape from confinement are admissible as circumstantial evidence of consciousness of guilt.[10]

*Judgment affirmed. All the Justices concur.*

---

before his arrest).

[6] See *Marable v. State*, 247 Ga. 509, 510 (277 SE2d 52) (1981) (by failing to object, defendant waived any complaint about the state's comment on his post-arrest silence).

[7] See *Stubbs v. State*, 265 Ga. 883 (463 SE2d 686) (1995).

[8] *Strickland v. Washington*, 466 U.S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[9] See *Bland v. State*, 264 Ga. 610, 611 (449 SE2d 116) (1994) (evidence of escape while being held on murder charge admissible at trial on murder charge); see also *Parmer v. State*, 236 Ga. 507 (224 SE2d 375) (1976) (no error in denying motion for mistrial based on prosecutor's questions concerning flight).

[10] See *Renner v. State*, 260 Ga. 515, 517 (397 SE2d 683) (1990).

192

DECIDED OCTOBER 26, 1998 —
RECONSIDERATION DENIED NOVEMBER 20, 1998.

*Brian Steel,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.