## S07A0680. TENNYSON v. THE STATE.
### (646 SE2d 219)

CARLEY, Justice.

A jury found Tommie Raquest Tennyson guilty of felony murder during the commission of aggravated assault. The trial court entered a judgment of conviction on the guilty verdict, and imposed a life sentence. Tennyson filed a motion for new trial and, when that motion was denied, he brought this appeal from his conviction and sentence.*

1. Construing the evidence most strongly in support of the jury's guilty verdict shows that, after engaging in a heated verbal exchange with Allen King, Tennyson started a car and then ran over the unarmed victim three times. This evidence is sufficient to authorize a rational trier of fact to find proof of Tennyson's guilt beyond a reasonable doubt of felony murder during the commission of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court gave a charge that included the level of certainty as one of the elements the jury could consider in assessing the reliability of a witness' identification testimony. In *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005), which was decided after Tennyson's conviction, this Court held that "we can no longer endorse an instruction authorizing jurors to consider the witness's certainty in his/her identification as a factor to be used in deciding the reliability of that identification." Having preserved the right to challenge on appeal the trial court's charge, Tennyson enumerates as error the giving of this instruction which was subsequently disapproved in *Brodes*. However, the record shows that he actually requested the charge himself. Therefore, this enumeration is without merit. *Inman v. State*, 281 Ga. 67, 69 (2) (635 SE2d 125) (2006).

3. After being advised of his constitutional rights, Tennyson elected to remain silent and declined to make a formal statement. However, when one of the arresting officers informed him during the

---

* The crime occurred on July 12, 2001. The grand jury indicted Tennyson on September 18, 2001. The jury returned the guilty verdict on September 6, 2002. The trial court entered the judgment of conviction and imposed the life sentence on September 26, 2002. Tennyson filed the motion for new trial on October 3, 2002, and the trial court denied that motion on October 11, 2006. Tennyson filed a notice of appeal on November 10, 2006, and the case was docketed in this Court on January 23, 2007. The appeal was submitted for decision on March 19, 2007.

booking procedure that the charge was murder, he responded that "I didn't kill that man. He was trying to rob me." Over objection, the trial court allowed the officer to testify on direct examination that Tennyson made this comment, and that evidentiary ruling is enumerated as error.

The statement was not admitted as the excited utterance of a witness. Compare *Walthour v. State*, 269 Ga. 396, 397 (2) (497 SE2d 799) (1998). It was admitted as the spontaneous statement of Tennyson himself.

> Confessions and incriminating statements are admissible against a criminal defendant as an exception to the hearsay rule. . . . [They are] admissible under the same theory as the exception to the hearsay rule for admissions of a party-opponent. [Cit.]

Rumsey, Agnor's Ga. Evid. (3d ed.), § 11-13. Thus, the evidence was not subject to a hearsay objection.

The relevant inquiry is admissibility vel non as a matter of constitutional law. "*Miranda* warnings are not required unless and until police commence questioning of a suspect in custody. [Cit.]" *Pierce v. State*, 255 Ga. App. 194, 196 (2) (564 SE2d 790) (2002). Here, Tennyson received those warnings, and his statement was not the product of police interrogation.

> Voluntary, spontaneous outbursts that are not made in response to any form of custodial questioning or interrogation are admissible at trial. [Cit.] . . . "There is no burden on State officials to prevent (a) defendant from talking about the incident if he wishes to do so. Simply stated they must not interrogate but they need not refuse to listen." [Cit.] In these circumstances, we cannot say that the trial court erred in finding that [Tennyson's] outburst[ ] [was] voluntary and spontaneous.

*Pierce v. State*, supra. Thus, the officer's testimony was properly admitted.

4. During cross-examination of the officer, defense counsel established that the witness had no handwritten note or tape recording to corroborate the statement he attributed to Tennyson. The attorney then asked the following leading question: "And you never directed anyone else to go back and talk to Mr. Tennyson; is that correct?" The officer's response was: "Mr. Tennyson said that he didn't want to make a statement." Tennyson's lawyer did not object to this reply, and did not move to strike it. In the ensuing redirect examination, counsel

for the State prefaced a question to the officer with the following: "And when Mr. Tennyson said he didn't want to be interviewed. . . ." At that point, Tennyson's attorney interrupted and requested a bench conference. The transcript shows that the conference was held, but was not reported.

After the bench conference, the assistant district attorney recommenced questioning of the witness, but did not refer to the topic of Tennyson's invocation of his right to remain silent. The next morning, the trial recommenced with defense counsel stating for the record:

> The motion that I was going to make when we had called a side bar, I think on the second or fourth question that was asked by the prosecutor of the . . . [i]nvestgator . . . about my client invoking his right to silence, I would move for a mistrial based upon that query.

Following a colloquy between the trial court and both attorneys, the trial court denied the motion and declined to give curative instructions. The failure to grant the motion or to instruct the jury to disregard the prosecutor's prefatory comment concerning Tennyson's desire not to be interviewed is enumerated as error.

Tennyson does not provide any explanation why the motion for mistrial was made the following day, and not at the time of the requested bench conference. In the absence of a contemporaneous objection, a "mistrial motion [is] untimely and will not be considered on appeal. [Cit.]" *Culler v. State*, 277 Ga. 717, 721 (6) (594 SE2d 631) (2004). Even assuming that the issue was preserved, however, the applicable standard is that, if a comment

> concerning remaining silent is made "during a narrative on the part of the authorities of a course of events" and "apparently was not intended to, nor did it have the effect of, being probative on the guilt or innocence of the defendant" it is not prejudicial. [Cit.] In fact, "(t)o reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." [Cit.]

*Taylor v. State*, 272 Ga. 559, 561 (2) (d) (532 SE2d 395) (2000). Here, the jury was already aware from the officer's response during cross-examination that Tennyson had declined to make a statement. The

prosecutor's subsequent passing reference to that circumstance when questioning the officer on redirect can, therefore, be characterized as a

> narrative recitation of the events surrounding [Tennyson's arrest by] the authorities, and it appears that it was not intended to reflect on his guilt and it was not probative on that issue. [Cit.] Thus, the remark was not so fundamentally unfair as to deny him due process. [Cit.]

*Wright v. State*, 276 Ga. 419, 420 (3) (577 SE2d 782) (2003).

Moreover, because the officer's response to defense counsel's question on cross-examination was admitted without objection, an instruction to the jurors to disregard the prosecutor's comment during redirect would not eliminate from the record all reference to Tennyson's election to remain silent. Indeed, as the trial court noted, such an instruction would probably have the opposite effect of "accentuat[ing] the fact that he didn't make a statement. . . ." Under the circumstances, the trial court did not err in failing to grant a mistrial or to give curative instructions. See *Weathersby v. State*, 262 Ga. 126, 127 (2) (414 SE2d 200) (1992) (not error to fail to grant any form of ameliorative relief where "challenged testimony was directly responsive to defense counsel's question").

5. Tennyson testified in his own defense, admitting that he was in the car, but denying that he was driving it when Mr. King was killed. He also denied making the statement attributed to him by the officer. Tennyson contends that, on cross-examination, the assistant district attorney questioned him about the exercise of his right to remain silent and that, when this occurred, the trial court erroneously failed to grant a mistrial or give curative instructions.

A review of the record shows that, before the cross-examination and outside the presence of the jury, the trial court expressly ruled that the prosecutor "cannot go into the fact that [Tennyson] exercised his constitutional rights and did not make a statement." Thereafter, the trial court acted to insure adherence to its ruling, even interrupting the cross-examination to caution counsel for the State that he could only question Tennyson about the statement to which the officer had testified. After the trial court's admonition, the cross-examination was directed toward the discrepancies between Tennyson's testimony on direct and his post-arrest spontaneous utterance. The defense did not move for a mistrial or curative instructions at any point. Therefore, the contention that the trial court erred in failing to do more than caution the assistant district attorney to comply with its ruling is deemed waived. *Bailey v. State*, 273 Ga. 303, 305 (2) (a) (540

SE2d 202) (2001); *Landers v. State*, 270 Ga. 189, 190 (2) (508 SE2d 637) (1998); *Marable v. State*, 247 Ga. 509, 510 (1) (277 SE2d 52) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Randolph Frails*, for appellant.

*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.