## S07A1558. EASON v. THE STATE.
### (657 SE2d 203)

BENHAM, Justice.

Freddie Allen Eason appeals his conviction for malice murder, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon.[1] The evidence at trial showed that Eason's sixteen-year-old girlfriend, Teresa Mobley, died in the early morning hours of February 20, 1997, from a single gunshot wound to the head. Eason's mother, whose Chatham County home Eason and Mobley were sharing, was awakened by the sound of a gunshot and, after hearing Eason calling Mobley's name several times, went to the living room where she discovered Eason standing beside Mobley who sat on a loveseat bleeding from a head wound. Police officers who

---

[1] The crimes occurred on February 20, 1997, and Eason was indicted on May 14, 1997, for malice murder, felony murder (possession of a firearm by a convicted felon), possession of a firearm during commission of a crime, and possession of a firearm by a convicted felon. A jury trial conducted September 28-October 1, 1998, resulted in verdicts of guilty on all counts. The trial court sentenced Eason to life imprisonment for malice murder; five years for possession of a firearm during commission of a crime, consecutive to the murder sentence; and five years for possession of a firearm by a convicted felon, consecutive to the other firearm possession sentence. The felony murder conviction was vacated by operation of law upon entry of the sentence for malice murder. *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Eason's trial counsel filed a motion for new trial on October 2, 1998, but no ruling was entered on that motion. New counsel was appointed and Eason was granted an out-of-time appeal on April 21, 2004. Pursuant to that order, new appointed counsel filed a motion for new trial on April 22, 2004, which was amended on August 23, 2004, and on November 23, 2004. The motion was heard on September 30, 2005, and was denied by an order filed March 19, 2007. Pursuant to a notice of appeal timely filed April 10, 2007, the record was transmitted to this Court. The appeal was docketed on June 29, 2007, and was submitted for a decision on the briefs.

arrived at the scene within five minutes of a 911 call met Eason at the door, from which location they saw Mobley in the living room unconscious and bleeding, and one of the officers detected the odor of gunpowder inside the house. Eason told the officers Mobley went outside to check on something, walked back into the house a few minutes later, sat down, and fell over. The forensic pathologist who performed the autopsy testified that the cause of death was a gunshot wound to the back of the head which was consistent with having been inflicted while Mobley was seated. The doctor stated that the wound would have caused a great loss of blood and would likely have rendered Mobley immediately unconscious, making it very unlikely that Mobley could have traveled any distance after suffering such a fatal wound. No blood was found outside the house or anywhere in the house other than where Mobley was sitting on the loveseat. The projectile recovered from Mobley's head was identified as a .38 caliber bullet. Mobley's brother Kenneth and Eason's friend, George Thorpe, testified Eason had a .38 revolver in his possession the preceding day. Thorpe also testified he saw Eason, gun in hand, follow Mobley from the room during an argument in the evening preceding Mobley's death, and that Mobley returned with an injury to her lip, and that after Mobley took him home that night, he called Eason because he knew Eason was upset with Mobley, and he was talking to Eason on the phone when Eason said Mobley had returned home. Evidence of Eason's previous conviction for aggravated assault was admitted into the record.

1. The evidence adduced at trial and summarized above, though circumstantial, was sufficient to have authorized the jury to find that the State excluded all reasonable hypotheses except that of the defendant's guilt, and to have authorized any rational trier of fact to find Eason guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Baugh v. State*, 276 Ga. 736 (1) (585 SE2d 616) (2003).

2. Eason correctly contends the trial court erred in its charge on intent by giving the "use of a firearm" charge forbidden by *Harris v. State*, 273 Ga. 608 (2) (543 SE2d 716) (2001). However, "[w]here a defendant is convicted of malice murder, giving the charge disapproved of in *Harris* is harmless error where the evidence of malice is so overwhelming that it is highly probable the charge did not contribute to the verdict. [Cits.]" *Fulton v. State*, 278 Ga. 58, 61 (4) (597 SE2d 396) (2004). Since the evidence was sufficient to exclude any reasonable hypothesis other than that Eason, while upset with Mobley, shot her in the back of the head as she sat on a loveseat, we conclude the evidence of malice was sufficiently overwhelming that it is highly probable that the charge did not contribute to the verdict, rendering the erroneous charge harmless. See *Flanders v. State*, 279 Ga. 35 (8) (609 SE2d 346) (2005).

3. Relying on *Ford v. State*, 262 Ga. 602 (1) (423 SE2d 255) (1992), Eason contends the offense of possession of a firearm by a convicted felon cannot serve as a predicate offense for felony murder because it is not a felony that is dangerous per se. Since the felony murder conviction was vacated by operation of law upon Eason being sentenced for malice murder (*Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993)), this argument is moot. *Laney v. State*, 271 Ga. 194 (2) (515 SE2d 610) (1999).

4. Finally, Eason contends he was denied effective assistance of counsel by his trial counsel's failure to raise certain matters in closing argument, failure to hire a blood spatter expert, and failure to impeach a witness and develop that witness as a suspect.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. [Cit.]

*Culmer v. State*, 282 Ga. 330, 332 (3) (647 SE2d 30) (2007). With regard to the alleged failure to develop certain issues in closing argument, the transcript of the motion for new trial hearing reveals that trial counsel testified that he addressed each of those issues in argument to the jury. Since the argument of counsel was not taken down and is, therefore, not in the record, we cannot say the trial court's rejection of Eason's claims of ineffectiveness based on argument to the jury was clearly erroneous. See *Woolums v. State*, 247 Ga. App. 306 (3) (e) (540 SE2d 655) (2000).

At the hearing on Eason's motion for new trial, trial counsel testified he did not hire a blood spatter expert because one expert said the blood evidence would show she was shot inside the house, which contradicted Eason's statement to the police, and counsel could not find any expert witness whose testimony would be beneficial. Trial counsel testified he did not attempt to develop witness Thorpe as a suspect because the witness was at his home talking on the telephone with Eason moments before Mobley was shot, and because there was no apparent motive or any hostility between Thorpe and the victim or Eason. Trial counsel testified he did not try to impeach the witness with evidence of felony convictions because Thorpe's testimony regarding the timing of the victim's arrival home was consistent with Eason's statement to the police and because he wanted to maintain his right to final argument.

The decisions not to hire a blood spatter expert and not to develop Thorpe as a suspect were reasonable strategic decisions based on the

information available to counsel, and "reasonable trial strategy does not constitute deficient performance. [Cit.]" *Pruitt v. State*, 282 Ga. 30, 35 (4) (e) (644 SE2d 837) (2007). With regard to the decision not to impeach Thorpe, we note that at the time of Eason's trial, OCGA § 17-8-71 provided that "[i]f the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury." Although that language has since been expunged from the statute (see Ga. Laws 2005, p. 25, § 10), a trial counsel's decision under the former law to forego impeachment as part of his strategy to preserve the right to final argument did not amount to deficient performance. *Rolland v. State*, 280 Ga. 517, 518 (2) (a) & fn. 5 (630 SE2d 386) (2006). Since Eason has not shown trial counsel's performance was deficient, the "trial court did not err when it concluded appellant had not met his burden of proving ineffective assistance of counsel." *Williams v. State*, 282 Ga. 561, 565 (5) (651 SE2d 674) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*Darden, Burns & Harris, David M. Burns, Jr.*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Gregory M. McConnell*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *David A. Zisook*, Assistant Attorney General, for appellee.