## S08A0830. THOMAS v. THE STATE.

(670 SE2d 421)

BENHAM, Justice.

Charles Worthy was fatally shot at his home in Bibb County on January 3, 2005.[1] Appellant Lastarza Rodriguez Thomas had been at Worthy's home for three days on a drug binge leading up to the early morning hours of January 3, 2005. That morning, the two had a heated argument, during which Worthy repeatedly told appellant to leave. Worthy went outside his duplex unit and appellant followed, drawing a gun from his waistband. James Lester, who was inside the duplex, yelled for Worthy to come back inside. Worthy went back into his home and, while Worthy was moving to close the door, appellant fatally shot Worthy and shot and wounded Lester.[2] Appellant then left the scene in his blue minivan. Later that afternoon, the police issued a warrant and arrested appellant at his Baldwin County home where the murder weapon was recovered.

At trial, although appellant testified he fired his gun because Worthy was armed, no gun was found on or near Worthy's body and four eyewitnesses testified Worthy was unarmed. Appellant admitted to pulling the trigger and to shooting at the victim; however, he testified that the shooting was accidental because the door to the duplex hit his arm. Testimony elicited by the State from the investigating officer and appellant, as well as comments made at closing argument, revealed that, between the time appellant left the scene on the early morning of the shooting and later that afternoon when a warrant was served and he was arrested, appellant did not contact law enforcement or return to the scene to tell the authorities that the shooting was accidental. The State also produced a firearms expert who testified that it would take six pounds of force to pull the gun's trigger and that there was no defect in the gun that would have caused it to discharge without the trigger being pulled. The State's firearms expert, as well as the expert appellant presented at the motion for new trial hearing, further testified that there were no

---

[1] On January 17, 2006, appellant was indicted by the Bibb County grand jury on charges of malice murder, felony murder, aggravated assault (of James Lester), and possession of a firearm during the commission of a felony. On February 22, 2006, a jury found appellant guilty on all charges and the court sentenced him to life in prison for malice murder (felony murder count vacated by operation of law), twenty years for aggravated assault to run concurrently, and five years for possession of a firearm, to run consecutively. Appellant moved for a new trial on March 10, 2006 and, through new counsel, amended that motion on May 1, 2007. After a hearing on the motion for new trial was conducted on May 1, 2007 and continued on July 11, 2007, the trial court denied the motion on August 30, 2007. A notice of appeal was filed on September 19, 2007, pursuant to which the appeal was docketed in this Court on January 29, 2008. It was submitted for decision on the briefs.

[2] Appellant fired a single shot and the bullet went through Worthy and lodged in Lester's knee.

means to test the accidental circumstances described by appellant of being hit in the arm while holding the gun. At the trial's conclusion, the jury returned a guilty verdict.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the malice murder of Worthy, the aggravated assault of Lester, and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant concedes he did not object when the prosecution asked questions and made comments regarding his pre-arrest silence. Appellant contends on appeal, however, that the trial court erred when it failed to bar, sua sponte, these questions and comments by the State regarding his failure to contact the police between the time of the shooting and his arrest to tell them there had been an accidental shooting.

Georgia law prohibits prosecutors from impeaching defendants based on their pre-arrest silence. *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991) (overruled on other grounds by *Chapel v. State*, 270 Ga. 151 (4) (510 SE2d 802) (1998)). Therefore, appellant is correct that the prosecutor's questions and comments concerning appellant's failure to contact the police and tell them he shot someone accidentally were impermissible. *Barnes v. State*, 269 Ga. 345 (12) (496 SE2d 674) (1998); *Pearson v. State*, 277 Ga. 813, 817 (5) (c) (596 SE2d 582) (2004) ("a prosecutor may not comment on an accused's pre-arrest silence or failure to come forward voluntarily, even if he chooses to testify at trial"). The trial court, however, was not required, absent a timely objection, to prohibit the prosecutor's questions and comments. *Hudson v. State*, 250 Ga. 479 (4) (299 SE2d 531) (1983) (trial court need not interpose itself to stop prejudicial statements made by the prosecutor in the absence of a timely objection). Since appellant concedes there was no timely objection made to the prosecutor's questions and comments regarding his pre-arrest silence, he may not pursue the matter on appeal. Id.; *Landers v. State*, 270 Ga. 189, 190-191 (2) (508 SE2d 637) (1998); *Marable v. State*, 247 Ga. 509, 510 (277 SE2d 52) (1981).

3. Appellant claims his trial counsel was ineffective when he failed to object to testimony and comments concerning his pre-arrest silence and when counsel failed to consult or retain an expert at trial. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors,

the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). For the reasons below, we affirm the trial court's denial of a new trial based on this claim.

(a) Appellant asserts his counsel was ineffective when he failed to object to the questions and comments concerning his pre-arrest silence. Because the prosecutor's conduct violated *Mallory v. State*, supra, counsel's performance was deficient to the extent he did not object. *Lampley v. State*, 284 Ga. 37 (2) (b) (663 SE2d 184) (2008). However, appellant was not prejudiced by trial counsel's deficient performance. In light of the overwhelming evidence of guilt, appellant cannot show that had an objection been made and the questions and comments prohibited that there was a reasonable probability the outcome of the trial would have been any different. Id. at 39. See also *Jackson v. State*, 282 Ga. 494 (2) (651 SE2d 702) (2007) (appellant was not prejudiced by counsel's failure to object to comments concerning pre-arrest silence); *Moore v. State*, 278 Ga. 397 (2) (a) (603 SE2d 228) (2004); *Pearson v. State*, supra, 277 Ga. at 817. There was overwhelming evidence, including eyewitness accounts, that appellant shot the unarmed victim and then fled the scene. There was also evidence disproving beyond a reasonable doubt[3] appellant's defense of accident, including expert testimony that the gun could not be discharged without pulling the trigger and that the gun required six pounds of force on its trigger to discharge. Eyewitness testimony that Worthy was unarmed and the fact that no weapon was recovered from his person similarly disproved appellant's claim of self-defense. Accordingly, the trial court did not err in denying appellant's ineffective assistance of counsel claim on this basis. Id.

(b) Appellant also argues that trial counsel was ineffective when he failed to consult or hire an expert witness to support his defense of accident. At trial, appellant admitted to carrying a gun, pointing it at Worthy and pulling the trigger, but asserted the shooting was "unintentional" because the door to the duplex hit his arm purportedly causing him to fire the weapon. The State presented a firearms expert who testified that it took six pounds of force to pull the trigger on appellant's gun and that there was no defect in the gun that would cause it to discharge without the trigger being pulled. The trial transcript also reveals that the State's firearms expert testified that there were no means to test the accidental circumstances

---

[3] See *Crane v. State*, 281 Ga. 635, 637 (641 SE2d 795) (2007) (State must disprove justification defense beyond a reasonable doubt).

described by appellant of being hit in the arm while holding the gun. Appellant contends his trial counsel was ineffective by failing to consult or present any expert witnesses to counter the testimony of the State's firearms expert on the issue of an "accidental shooting" versus an "unintentional shooting."

"As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." *Wright v. State*, 274 Ga. 730, 732 (2) (b) (559 SE2d 437) (2002). The decision of how to deal with the presentation of an expert witness by the opposing side, including whether to present counter expert testimony, to rely upon cross-examination, to forego cross-examination and/or to forego development of certain expert opinion, is a matter of trial strategy which, if reasonable, cannot be the basis of a successful ineffective assistance of counsel claim. *Eason v. State*, 283 Ga. 116 (4) (657 SE2d 203) (2008); *Smith v. State*, 283 Ga. 237 (2) (a) (657 SE2d 523) (2008); *Wallace v. State*, 272 Ga. 501 (3) (b) (530 SE2d 721) (2000). Here, trial counsel filed an unsuccessful motion in limine to exclude the State's expert testimony and otherwise relied upon cross-examination to challenge the State's expert. At the hearing for the motion for new trial, trial counsel clarified his strategy, testifying that he did not want to challenge the State's firearms expert on the issue of the force necessary to pull the trigger because appellant had testified that he carried the gun in the waistband of his pants and it would not make sense to carry a weapon in that manner if it discharged with little force. Also, at the hearing for the motion for new trial, appellant presented testimony from his own expert who agreed with the State's expert that there were no means to test for the "human" factor (i.e., the door hitting appellant's arm) in this case. Counsel's strategic decision to forego calling a defensive expert and to proceed with other tactics was reasonable and did not constitute deficient performance. Id. Accordingly, the trial court did not err in finding against appellant on his ineffective assistance of counsel claim.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2008.

*Michael S. Katz*, for appellant.

*Howard Z. Simms, District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.