S10A0804. LOWE v. THE STATE.
(695 SE2d 623)

MELTON, Justice.

Following a jury trial, Rasheed Khalique Lowe appeals his conviction for the murder of Richard Davis, contending that the trial court erred by denying his two motions for a mistrial.[1] For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that, on the night of October 8, 2005, Lowe, who was accompanied by at least two other people, one of whom may have been his girlfriend, approached Davis in his parked car at an apartment complex. Eric Pitts, a close friend of Lowe, testified that Lowe told him that Lowe intended to rob Davis. After a brief interaction, Lowe shot Davis in the abdomen. Davis drove away, but he later died from his wounds. Several witnesses testified that they heard the shooting and saw several people picking up shell casings after Davis drove away. One of the eyewitnesses identified Lowe as one of the shooters. Approximately one week later, the gun identified by ballistic testing to be the

---

[1] On February 14, 2006, Lowe was indicted for malice murder, two counts of felony murder, voluntary manslaughter, aggravated assault with a deadly weapon, criminal attempt to commit armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. After a May 11-16, 2007 jury trial, Lowe was found guilty on all counts except voluntary manslaughter. On May 18, 2007, Lowe was sentenced to life in prison for murder, and he was given ten concurrent years for attempted armed robbery as well as five consecutive years for possession of a firearm during the commission of a felony. Lowe's felony murder convictions were vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining convictions were merged with other offenses. On May 29, 2007 Lowe filed a motion for a new trial. On June 11, 2009, the motion was denied. Lowe's timely appeal was docketed in this Court for the April 2010 Term, and submitted for decision on the briefs.

murder weapon was found on the ground near Lowe at the same apartment complex where Davis had been shot, and several bullets were found in Lowe's possession that matched the gun's bullets. When questioned about Davis' shooting, Lowe gave varying stories to the police that included statements about the gun going off, firing, or discharging while near the car. At trial, Lowe admitted that he fired the gun at Davis, but he claimed that the shooting was accidental. Lowe also admitted to collecting bullet shells after the shooting. This evidence was sufficient to authorize a rational trier of fact to find Lowe guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lowe contends that the trial court committed error when it denied two motions for a mistrial made by him regarding alleged improper character evidence. Lowe sought a mistrial when: (a) a witness for the State testified that she thought that the man she saw was robbing someone; and (b) when a police officer testified that he saw Lowe near a "victim" at another crime scene where the murder weapon was found.

(a) During direct examination by the State, Yateshio Evans, who witnessed the shooting, described the scene as follows: "The woman was standing up, back off the scene while the guys was robbing the guy in the car, I guess." At this point, Lowe objected, the objection was sustained on the basis that it was nonresponsive, and the jury was instructed to disregard the statement. No further objection was raised at that point. After several other witnesses following Evans finished testifying, Lowe finally made a motion for a mistrial, apparently based on a contention that the introduction of a robbery motive constituted improper character evidence. Noting that Lowe's motion was not made contemporaneously with the evidence, the trial court denied the motion.

This ruling was proper for several reasons. First, "[i]n the absence of a contemporaneous objection, a mistrial motion is untimely and will not be considered on appeal." (Citations and punctuation omitted.) *Tennyson v. State*, 282 Ga. 92, 94 (4) (646 SE2d 219) (2007). Second, the motive for the crime with which a defendant is currently being tried is not bad character evidence as it does not relate to a separate offense from that for which the defendant is being tried. See, e.g., *Williams v. State*, 261 Ga. 640 (2) (a) (409 SE2d 649) (1991). Third, even if the statement could be considered evidence of bad character, there was no error because the trial court instructed the jury to disregard the testimony. "When [a] prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." (Citation omitted.) *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d

338) (1997); *Issac v. State*, 269 Ga. 875, 877 (3) (505 SE2d 480) (1998) (A motion for a mistrial invokes the discretion of the trial court, the exercise of which will not be disturbed unless abused.). It is up to the trial court to decide "whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982). Also, the Court "must presume that the jury followed the trial court's instruction and disregarded the [witness'] statement." (Citations omitted.) *Johns v. State*, 274 Ga. 23, 25 (3) (549 SE2d 68) (2001). Since the curative instructions adequately preserved Lowe's right to a fair trial, the trial court did not abuse its discretion when it denied the motion for a mistrial. *Williams v. State*, 269 Ga. 827 (5) (504 SE2d 441) (1998).

(b) The second statement at issue was made by Officer Richard Houston, who ultimately apprehended Lowe approximately one week after the Davis murder in relation to a separate crime against a separate victim at the same crime scene. At this later time, the weapon that had been used to shoot Davis was found on the ground near Lowe. Officer Houston was called to testify regarding Lowe's apprehension and the discovery of the gun, but, prior to taking the stand, he was instructed that he should not give testimony implicating Lowe in any crime other than those for which he was currently being tried. Officer Houston testified that approximately one week after the Davis murder, he was called to the same crime scene. The trial court asked Houston if he saw anyone there, and Houston replied that he saw Lowe. The State then asked the officer what he did after he saw the defendant, and the officer replied that he "continued up to where the victim and Officer Layton. . . ." Lowe objected and moved for a mistrial on the grounds that Lowe was now associated with the victim of a separate crime in proximity to the weapon used to murder Davis. There was no testimony of any kind, however, linking this unidentified "victim" to Lowe. After reminding Officer Houston that he was not to tell the jury that Lowe had been accused of any other crimes, the trial court denied the motion for a mistrial and gave a curative instruction.

For the same reasons outlined above, the curative instruction properly preserved Lowe's right to a fair trial. *Sims v. State*, 268 Ga. 381 (2) (489 SE2d 809) (1997) (holding that curative instructions are a proper remedy when a defendant's character is improperly placed into evidence); *Gardner v. State*, 273 Ga. 809, 813 (5) (546 SE2d 490) (2001) (concluding that when the trial court gave a curative instruction immediately after a witness commented that the defendant was connected to another crime, "a new trial was not essential to preserving appellant's right to a fair trial and the trial court did not

abuse its discretion in refusing to grant a mistrial").
*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2010.

*Mary Erickson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.